UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
DEC 29 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-56-GWU

TABITHA BRYANT O.B.O.
MIRANDA BRYANT,                                              PLAINTIFF


VS.              **MEMORANDUM OPINION**


JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY                              DEFENDANT

### INTRODUCTION

Tabitha Bryant appeals from the negative administrative decision on her daughter Miranda's application for Child's Supplemental Security Income (SSI) benefits. The case is before the Court on cross-motions for summary judgment.

### LAW APPLICABLE TO CHILD'S SSI BENEFITS

As of 1996 strict standards for child's SSI claims were adopted. The Welfare Reform Act, P.L. No. 104-193, 110 Stat. 2105, provides that:

> An individual under the age of eighteen (18) shall be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted, or can be expected to last for a continuous period of not less than 12 months.

Thus, a child's SSI claim can be granted now only if there is a "marked and severe functional limitation(s)." The impairment must meet, medically equal, or functionally

equal in severity one of the Listing of Impairments found at 20 C.F.R. Part 404, Subpart P, Appendix 2. 20 C.F.R. Section 416.924.

The implementing regulations require the agency to determine if the child's impairment(s) meet any Listing of Impairments sections found at 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. Section 416.924. If this step is not satisfied, the fact finder is required to consider limitation of specific functioning, broad areas of development or functioning, episodic impairments, and limitations related to medication effects to determine "functional equivalence" to the LOI. Section 416.926a. Functional equivalence is established if the child has one area of extreme functional limitations (i.e., very serious interference with functioning) or two areas of marked limitation (i.e., serious interference with functioning). Id.

## DISCUSSION

The plaintiff's application for benefits was filed in May, 2003. An administrative law judge (ALJ) found that the plaintiff's impairments stemming from her right eye blindness did not meet, equal or functionally equal any of the Listing of Impairment sections. (Tr. 13-16). Thus, benefits were denied.

The plaintiff's mother had noted that Bryant's left eye vision had "dropped" to 20/30 as of 2004 (Tr. 88, 152), but essentially little argument was made about this or any condition other than Bryant's right eye vision (Tr. 158-159). The left eye vision of 20/30 was based on one examination only, as prior examinations had

yielded 20/20 results for this eye (Tr. 115, 118, 119); moreover, any change in vision in the left eye was not shown to impede the plaintiff from doing what a four or five year old child would normally do—communicate adequately, play Playstation games, watch television, ride a big wheel/tricycle/bicycle with training wheels, and progress "pretty good" with preschool (Tr. 75, 77, 94, 158). No other conditions appear to be under serious, permanent consideration from medical sources—cervical spine x-rays and a CT of the brain were normal, and the plaintiff's doctor visits were repeatedly described as "well child" examinations, with no abnormal findings other than the right eye problem persisting (Tr. 101, 103, 117-131).

As to the plaintiff's remaining complaint, that of right eye blindness, one of her doctors made the comment that "patient should be able to work" and, on another occasion, there was a reference to wearing eye protection during activities (Tr. 113, 114), which does not suggest the physician was contemplating "marked" or "extreme" limitations. While the plaintiff points to several Emergency Room treatments for falls, it is noteworthy that one of the two treatments occurred back in 2001. (Tr. 98-99) and neither record was detailed enough to conclude the fall actually resulted from an inability to see, rather than some childhood mishap. There was a reference to the fact that the plaintiff could not get around well using an eye patch; however, the patch was never used after the surgery the plaintiff underwent at 13 months of age. (Tr. 109-110).

Bryant

The plaintiff also indicated that she suffered from headache pain (Tr. 96), but her mother admitted that no doctor was prescribing medication for pain (Tr. 90).

Finally, no treating physician addressed any of the criteria for the Listing of Impairments, whereas two agency physicians did and concluded that the plaintiff had no "marked" or "severe" impairments in the functional domaines.

The decision is supported by substantial evidence.

This the  29  day of December, 2005.

G. WIX UNTHANK,
Senior Judge